# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES MILLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 5037 |
| TARRY WILLIAMS and HEAD OF NURSING, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court's most recent memorandum order in this action, issued on July 9, 2015 ("Order II," copy attached), is self-explanatory. Since its issuance pro se plaintiff James Mills ("Mills") has continued to ignore both Order II and this Court's earlier June 11, 2015 memorandum order ("Order I," copy attached), thus "evidenc[ing] a want of prosecution of his proposed action" (to quote Order II). Accordingly, in accordance with the forewarning contained in Order II, both Mills' Complaint and this action are dismissed for want of prosecution.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 22, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 5037 |
| | ) |
| TARRY WILLIAMS and | ) |
| HEAD OF NURSING, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

James Mills ("Mills") has utilized the form of 42 U.S.C. § 1983 Complaint provided by the Clerk's Office for use by prisoner plaintiffs to target Warden Tarry Williams ("Williams") and an unnamed "Head of Nursing," both affiliated with Stateville Correctional Center ("Stateville") where Mills is in custody, with a claim of deliberate indifference to serious medical needs within the scope of Estelle v. Gamble, 429 U.S. 97 (1976). Mills has accompanied his pro se Complaint with two other Clerk's-Office-provided forms: an In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion"). This memorandum order is issued sua sponte to call Mills' attention to added steps he must take before this action can go forward.

Before those matters are addressed, however, this Court holds that Mills has advanced no basis whatever for including Williams as a Section 1983 defendant. Nothing said in the Complaint implicates Williams in the wrongful treatment alleged by Mills, and that calls for Williams' dismissal as a defendant. This Court so orders, and this memorandum order now turns to consideration of the Application and Motion.

Order I

As for the Application, it does confirm Mills' poverty but does not include the information that this Court requires to make the calculation called for by 28 U.S.C. § 1915 ("Section 1915"). Instead of the "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the preceding 6-month period immediately preceding the filing of the Complaint" (Section 1915(a)), all that Mills has provided is a three-entry statement from Stateville dating toward the very end of that six-month period.[1] Accordingly Mills is ordered to obtain and file with this Court on or before July 2, 2015:

1. a trust fund account statement from Stateville reflecting all transactions in Mills' trust fund account there from May 6 through June 1, 2015; and

2. a similar trust fund account statement from every other institution where Mills was in custody during the period from December 1, 2014 until his transfer to Stateville in 2015.

As for the Motion, our Court of Appeals requires that any pro se plaintiff such as Mills must make an appropriate showing of efforts to obtain counsel on his own before a court may be called upon to draw on a member of the trial bar to provide such services pro bono publico -- that requirement is underscored by paragraph 2 of the Motion, which deliberately leaves a space for the movant to provide that information. Mills has made no attempt to do so, instead leaving that space blank. For that reason the copy of this memorandum order being transmitted to Mills is

---

[1] Although Mills' Complaint and the accompanying Application and Motion were not received in the Clerk's Office until June 8, he had dated both the Complaint and the Application on May 25 and the fiscal officer at Stateville had dated the Certificate at the end of the Application on June 1. That disparity in dates would require some further input to ascertain the precise date of "filing" of this action under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988), but for convenience this Court will treat June 1 as the filing date for Section 1915 purposes.

being accompanied by three photocopies of the Motion [Dkt. 4] to enable Mills to complete it appropriately and to transmit two of those copies to the Clerk's Office, retaining one copy for himself.

Regrettably this action will have to be placed in a holding pattern pending the necessary further input from Mills. As soon as the requested information is provided, this Court anticipates going forward with the case in an appropriate manner.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 11, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 5037 |
| ) | |
| TARRY WILLIAMS and ) | |
| HEAD OF NURSING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This Court's June 11, 2015 memorandum order ("Order") identified two deficiencies in the submissions by prisoner plaintiff James Mills ("Mills") that precluded his going forward with this proposed 42 U.S.C. § 1983 action until those gaps were filled. Although the Order gave Mills what should have been ample time for that purpose (fully three weeks, to July 2), this Court has allowed still another week to pass before addressing Mills' delinquency -- yet the docket reflects no communication whatever from Mills during the four weeks that have elapsed since entry of the Order.

Under the circumstances it seems eminently reasonable to find that Mills has evidenced a want of prosecution of his proposed action. This Court accordingly notifies Mills that it will hold off until July 20, but no longer, before ordering dismissal of the Complaint and this action on that ground.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2015

Order II